HALL, Judge.
Mrs. Marguerite C. Mackenroth brought suit for divorce against her husband, Richard A. Mackenroth, Jr., alleging that she and her husband had lived separate and apart without reconciliation for a period of in excess of two years. She prayed to be granted the custody of Richard A. Macken-roth, III, one of the minor children of the marriage, and for alimony for his support. She also prayed for alimony for her own support. Following trial on the merits judgment was rendered granting a divorce in plaintiff’s favor, granting her the custody of the minor, Richard A. Mackenroth, III, and fixing alimony for his support, but denying alimony for the support of plaintiff herself on the ground that both parties were at fault. Plaintiff appealed from that part of the judgment which denied alimony for her own support.
Mr. and Mrs. Mackenroth were married in the City of New Orleans on June 22, 1945. Three children were born of the marriage, namely Donna Gayle, age 20; Cynthia Louise, age 18 and Richard A. Mackenroth, III, age 9. Donna Gayle and Cynthia were not living with their parents when this suit was filed and plaintiff prayed for the custody of Richard only.
The record reveals constant quarreling between husband and wife throughout the last ten years of their marriage, caused principally by Mrs. Mackenroth’s resentment of the showering of gifts on the children by her mother-in-law which she thought was an attempt to alienate the children’s affection. Just what connection Mr. Mackenroth had with this is not shown. The parties frequently spoke of divorce but neither party would leave the matrimonial domicile. No good purpose would be served by reviewing their marital difficulties in detail.
In June of 1964 Mr. Mackenroth came home one night to find that his wife had removed all of his clothes and other belongings from the common bedroom and had piled them up on young Richard’s bed. Thereafter he slept in Richard’s room and Richard moved into the room with his mother. From this night forward Mrs. Mackenroth refused to have any marital relations with her husband, refused to prepare his meals, eat with him, tend to his laundry or even converse with him.
On September 16, 1964 Mr. Mackenroth packed his belongings and moved from the matrimonial domicile. There had been no quarrel with his wife immediately preceding his departure.
In his reasons for judgment dictated into the record the Trial Judge said in part:
“ * * * It appears that the parties to this suit have long been in total dis *432 agreement as to many things involving their marriage; who should properly raise the children; how the children should be properly raised; the necessary amount of money; whether the husband should take in consideration the feelings of his mother or whether he should hold paramount only the feelings of his wife; whether the children’s feelings should be considered at all. These questions have been cause for debate and argument between the parties for many years, and it is evident that both parties were in continuous argument concerning many things * * *. It is however very clear and uncontradicted that sometime in June of 1964, a violent argument did occur which caused the wife to remove the husband’s clothing from their common bedroom and place his clothing in another room of the house, and thereafter she did not cohabit with him as man and wife until this date, nor did she continue to act towards him in the manner that she had been accustomed to doing previously, and in the manner in which a wife is expected to act, such as serving the proper meals, holding conversations, caring for the children and so on. The date that this occurred was in June of 1964, and not on the date that the husband finally left the domicile, and it would appear to this Court that both parties were at fault in the eventual departure of the husband from the domicile, as both parties testified there was no immediate argument prior to the husband’s leaving, and he did decide to leave and the wife’s actions throughout the several months preceding his departure certainly was some cause for his leaving * * * ”
Although the parties quarreled constantly we have failed, after a careful review of the record, to find any particular action on the part of Mr. Macken-roth which provoked his wife into putting him out of her bedroom and refusing to comply with her marital duties and responsibilities. When asked why she moved his clothing out of the room she testified as follows:
“A. Because I carried — I felt like if we were going to live as man and wife, that’s the way it was going to be. He treated me like a servant, why should I give him anything else? Why should he expect anything else from me?
“Q. So you moved him out. You didn’t want to live with him as man and wife any more?
“A. I moved it out because I was angry at him. Why would your wife be angry at you and do anything for you?
“Q. Did you move back with him after you stopped being angry ?
“A. No I certainly didn’t.
“Q. It’s a fact that you moved it out because you didn’t want to live with him as man and wife ?
“A. That didn’t concern me. I was too upset about the children to think about anything like that.”
Under the provisions of LSA-C.C. Art. 160, as amended by Act 48 of 1964, when the wife obtains a divorce she is not entitled to alimony unless she “has not been at fault,” and the burden rests upon her to, prove her freedom from fault. (See Gradney v. Gradney, La.App., 191 So.2d 161, and cases there cited.)
The Trial Judge held that the separation was caused by fault on the part of both parties, and we find no manifest error in such holding.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.